O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 07-5753 AHM (x) | Date | April 30, 2009 |
|---|---|---|---|
| Title | RON CROSS v. ROADWAY EXPRESS, INC., et al. | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys **NOT** Present for Plaintiffs: | Attorneys **NOT** Present for Defendants: |
|---|---|

**Proceedings:**         IN CHAMBERS (No Proceedings Held)

## I.    INTRODUCTION

Plaintiff Ron Cross filed this employment discrimination action in California state court on August 10, 2007, and Defendant Roadway Express, Inc. ("Roadway") removed it to this Court on the basis of diversity of citizenship and federal question jurisdiction. Defendant moved for summary judgment as to all causes of action, and on February 20, 2009, the Court took the motion under submission.

Plaintiff was hired by Defendant as an employee, but after approximately one year he was told that he would be considered an independent contractor. Plaintiff's Complaint first seeks a declaration that over the course of approximately thirteen years of providing security services to Defendant, a company that transports freight and operates terminals throughout the United States, he was misclassified as an independent contractor when he was actually an employee. Plaintiff also seeks a declaration that Defendant must retroactively provide him with all benefits due to employees, including paid vacations, benefit plans and stock option plans, bonus plans, and reimbursement for business-related expenses. Plaintiff also alleges wage-related claims under California Labor Code § 201, for unpaid wages; California Labor Code § 226(a), for failing to provide an accurate record of wages earned; and California Labor Code §§ 510 and 1194, for failure to pay overtime wages. In addition, Plaintiff asserts two age discrimination claims under California's Fair Employment and Housing Act ("FEHA"), one for his termination in February 2007 and one for Defendant's alleged failure to hire or transfer him into the position of "Security Investigator - Rail." Finally, Plaintiff brings a claim under California's Unfair Competition Law, Business and Professions Code § 17200, *et seq.*, that is based upon the violations of the labor code and the FEHA that are alleged in the

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 07-5753 AHM (x) | | Date | April 30, 2009 |
|---|---|---|---|---|
| Title | RON CROSS v. ROADWAY EXPRESS, INC., et al. | | | |

other claims.

Defendant contends in its motion for summary judgment that there are no genuine issues of material fact as to whether Plaintiff was an independent contractor or as to whether Defendant discriminated against him on the basis of his age. Plaintiff concedes that his fifth cause of action, for wrongful termination due to age, should be dismissed, and the Court GRANTS the motion as to that claim. As to the remaining claims, the Court DENIES the motion.

## II.    LEGAL STANDARDS FOR SUMMARY JUDGMENT

Federal Rule of Civil Procedure 56(c) provides for summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The moving party bears the initial burden of demonstrating the absence of a "genuine issue of material fact for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). A fact is material if it could affect the outcome of the suit under the governing substantive law. *Id.* at 248. The burden then shifts to the nonmoving party to establish, beyond the pleadings, that there is a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

"When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co., Inc. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted). In contrast, when the non-moving party bears the burden of proving the claim or defense, the moving party can meet its burden by pointing out the absence of evidence from the non-moving party. The moving party need not disprove the other party's case. *See Celotex*, 477 U.S. at 325. Thus, "[s]ummary judgment for a defendant is appropriate when the plaintiff 'fails to make a showing sufficient to establish the existence of an element essential to [his] case, and on which [he] will bear the burden of proof at trial.'" *Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 805-06 (1999) (citing *Celotex*, 477 U.S. at 322).

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5753 AHM (x) | Date | April 30, 2009 |
|---|---|---|---|
| Title | RON CROSS v. ROADWAY EXPRESS, INC., et al. | | |

When the moving party meets its burden, the "adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). Summary judgment will be entered against the non-moving party if that party does not present such specific facts. *Id.* Only admissible evidence may be considered in deciding a motion for summary judgment. *Id.*; *see also Beyene v. Coleman Sec. Serv., Inc.*, 854 F.2d 1179, 1181 (9th Cir. 1988).

"[I]n ruling on a motion for summary judgment, the nonmoving party's evidence 'is to be believed, and all justifiable inferences are to be drawn in [that party's] favor.'" *Hunt v. Cromartie*, 526 U.S. 541, 552 (1999) (quoting *Anderson*, 477 U.S. at 255). But the non-moving party must come forward with more than "the mere existence of a scintilla of evidence." *Anderson*, 477 U.S. at 252. Thus, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted).

Simply because the facts are undisputed does not make summary judgment appropriate. Instead, where divergent ultimate inferences may reasonably be drawn from the undisputed facts, summary judgment is improper. *Braxton-Secret v. A.H. Robins Co.*, 769 F.2d 528, 531 (9th Cir. 1985).

## III.   THE WAGE AND BENEFIT CLAIMS

Both sides agree that if Plaintiff was not Defendant's employee during the relevant period, but was instead an independent contractor, Plaintiff has no cause of action on any of his wage and benefit claims (claims 1-4). Defendant thus moves for summary judgment on these claims solely on the basis that there is no material issue of genuine fact as to whether Plaintiff was an independent contractor. Plaintiff argues that there are material issues of genuine fact as to that question.[1]

---

[1] Even though it is undisputed that Plaintiff did not have the requisite licenses to act as a private investigator or security guard, neither side discusses the principle of California law that "a person performing a function for which a contractor's license is

O

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5753 AHM (x) | Date | April 30, 2009 |
|---|---|---|---|
| Title | RON CROSS v. ROADWAY EXPRESS, INC., et al. | | |

Defendant does not disagree that it has the burden to show that Cross was an independent contractor. *See Fisher v. San Pedro Peninsula Hosp.*, 214 Cal. App. 3d 590, 608 n. 6 (Cal. Ct. App. 1989) (a claim that an employee is an independent contractor is an affirmative defense). The determination of independent contractor status is one of fact if dependent upon the resolution of disputed evidence or inferences, and one of law if the evidence is undisputed. *S. G. Borello & Sons, Inc. v. Dep't of Indus. Relations*, 48 Cal. 3d 341, 349 (Cal. 1989).

California courts have uniformly held that "the principal test of an employment relationship is whether the person to whom service is rendered has the right to control the manner and means of accomplishing the result desired." *Id.* (internal citations and quotation marks omitted). But because the "control" test is often unenlightening, there are several "secondary" indicia of the relationship that a Court may consider, including:

> (1) whether there is a right to fire at will without cause; (2) whether the one performing services is engaged in a distinct occupation or business; (3) the kind of occupation, with reference to whether, in the locality, the work is usually done under the direction of the principal or by a specialist without supervision; (4) the skill required in the particular occupation; (5) whether the principal or the worker supplies the instrumentalities, tools, and the place of work for the person doing the work; (6) the length of time for which the services are to be performed; (7) the method of payment, whether by the time or by the job; (8) whether or not the work is a part of the regular business of the principal; (9) whether or not the parties believe they are creating an employer-employee relationship; (10) whether the

---

required must hold a valid contractor's license as a condition of having independent contractor status. A person who does not hold that license may not be found to be an independent contractor, regardless of the strength of the evidence offered to rebut the presumption of employment" when he performs services for which a license is required. 3 Witkin, Summary of California Law § 32 (2005); *see also* Cal. Labor Code § 2750.5 (providing that there is a rebuttable presumption that a worker performing services for which a license is required is an employee rather than an independent contractor, and setting forth factors necessary to show independent contractor status). This Court is not aware of any case in which this principle was applied to an action for recovery of wages and benefits under the Labor Code.

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 07-5753 AHM (x) | Date | April 30, 2009 |
|---|---|---|---|
| Title | RON CROSS v. ROADWAY EXPRESS, INC., et al. | | |

classification of independent contractor is bona fide and not a subterfuge to avoid employee status; (11) the hiree's degree of investment other than personal service in his or her own business and whether the hiree holds himself or herself out to be in business with an independent business license; (12) whether the hiree has employees; (13) the hiree's opportunity for profit or loss depending on his or her managerial skill; and (14) whether the service rendered is an integral part of the alleged employer's business.

*JKH Enters., Inc. v. Dep't of Indus. Relations*, 142 Cal. App. 4th 1046, 1064 n.14 (Cal. Ct. App. 2006) (citing *S. G. Borello & Sons, supra*).[2]

The Court has applied these factors to the material evidence set forth in the parties' statements of facts.  The Court's findings are as follows:

<u>As to the following factors, undisputed material evidence could support a finding that Plaintiff was an independent contractor</u>:

- Plaintiff made significant investments in Cross Investigations and managed and held it out (for certain purposes) as an independent business.

- Cross Investigations hired employees.

- Plaintiff had the opportunity to profit from Cross Investigations and took advantage of that opportunity.

- Plaintiff was engaged in a "distinct" business.

<u>The following factors preclude a finding on summary judgment that Plaintiff was an independent agent, because there is disputed material evidence or because divergent inferences may be drawn from undisputed evidence</u>:

---

[2] These factors were articulated in the context of whether individuals were eligible for workers' compensation, and the California state courts specifically said that they were tailoring the standards in light of the purposes of the Workers' Compensation Act.  But the parties do not disagree that these are the factors to apply.

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 07-5753 AHM (x) | Date | April 30, 2009 |
|---|---|---|---|
| Title | RON CROSS v. ROADWAY EXPRESS, INC., et al. | | |

- Defendant's control over the manner in which services were provided.

- Whether the work was part of the regular business of Defendant.

- Whether the parties believed they were creating an employer-employee relationship.

- Defendant's method of paying Plaintiff.

In light of the material factual disputes and divergent factual inferences that may be drawn from undisputed evidence, the Court DENIES the motion to dismiss the benefit and wage claims on the basis that Plaintiff was an independent contractor. The Court sets forth the reasons for its findings below. (As the facts and allegations are familiar to the parties, the Court will only set forth those facts material to its findings.)

### A.    Control Over the Manner in Which Services Were Provided

The following material facts are undisputed:[3]

- As the head of Cross Investigations (the company that Plaintiff Cross founded), Cross devised a system for Roadway to review surveillance video more effectively and created "the whole system" for an identification badge system at Roadway's Southern California terminals. SGI ¶ 18.

- In order to initiate a project, Jon Gerloff, Roadway's Western Division Security Manager, or someone else representing Roadway, would inform Cross Investigations regarding what the company was looking for on a particular assignment, in terms of what needed to be accomplished and how much time it wanted to budget for it. SGI ¶ 19

- Roadway would "give [Cross Investigations] a task and say 'make it work.'" SGI ¶ 21.

---

[3] The Court finds that the "facts" in SUF ¶ 20 are not supported by the evidence.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5753 AHM (x) | Date | April 30, 2009 |
|---|---|---|---|
| Title | RON CROSS v. ROADWAY EXPRESS, INC., et al. | | |

- Plaintiff stated in his deposition that "Nobody tells me how to conduct an investigation."  SGI ¶ 22.  However, he stated immediately afterward that "I guess maybe I do have to step back on that.  I am told what, where, when, and *how* . . . as to an investigation."  *Id.* (emphasis added).

The Court finds that these undisputed facts would allow a reasonable juror to draw different factual inferences as to whether Defendant controlled Plaintiff's work, and therefore on summary judgment this factor cannot be weighed for or against either party.

**B.    Whether the Work Was a Part of the Regular Business of Defendant**

The following material facts are undisputed:

- Defendant Roadway is a less-than-truckload motor carrier engaged in the business of transporting freight.  It operates terminals throughout the United States, including Southern California.  SGI ¶ 1.

- Roadway has commonly used vendors to provide maintenance, janitorial and security services.  SGI ¶ 2.

- As Ralph Santarelli, Area Director of Operations for the Western Division of Roadway states in a declaration, "For as long as I have worked at Roadway, the company has used vendors to provide services which are *not a part of its regular business function* of transporting freight, including for maintenance, janitorial, and *security* services."  Santarelli Decl. ¶ 6 (emphasis added); *see* SGI ¶ 2.

- As Plaintiff Cross, however, states in his declaration, "security is a very critical part of Roadway's business," because as a freight carrier, "[t]he possible loss of customer's goods through theft . . . is a constant concern for Roadway.  Therefore, Roadway . . . has a corporate security department charged with the protection of not only its customer's goods, but also Roadway's own property . . . ."  Cross Decl. ¶ 3.[4]

---

[4] The Court overrules Defendant's objections to this portion of Cross's statement. Defendant does not deny that Roadway had a security department, and as someone who

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5753 AHM (x) | Date | April 30, 2009 |
|---|---|---|---|
| Title | RON CROSS v. ROADWAY EXPRESS, INC., et al. | | |

The Court finds that these undisputed facts would allow a reasonable juror to draw different factual inferences as to whether security work was part of the regular business of Defendant, and therefore on summary judgment this factor cannot be weighed for or against Defendant.

**C.   Defendant's Investment in Cross Investigations and Representation of it as an Independent Business**

The following material facts are undisputed:

- Plaintiff formed Cross Investigations in 1996.  SGI ¶ 5.

- Cross Investigations had a business license from the City of Glendora.  SGI ¶ 6.

- Cross Investigations maintained bank accounts.  SGI ¶ 7.

- Cross Investigations maintained a business mailing address.  SGI ¶ 8.

- Cross Investigations purchased and provided its subcontractors with uniform "Security" jackets.  SGI ¶ 15.

- Cross Investigations had an insurance policy for one year, but dropped it because of its cost.  SGI ¶ 9.

- Plaintiff Cross deducted the cost of equipment, including a still camera used for providing surveillance services to Roadway, as a business expense on his tax return.  SGI ¶ 10.  He also took tax deductions for the expense of the home office he maintained for Cross Investigations.  SGI ¶ 11.[5]

---

worked in and around that department for approximately fourteen years Cross is qualified to make the quoted statement.

[5] Plaintiff Cross denies that the company filed any tax returns, but admits that he took the deductions on his returns.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5753 AHM (x) | Date | April 30, 2009 |
|---|---|---|---|
| Title | RON CROSS v. ROADWAY EXPRESS, INC., et al. | | |

The Court finds that these undisputed facts compel the indisputable conclusion that Plaintiff made significant investments in Cross Investigations, and operated it and held it out (for certain purposes) as an independent business.

### D.    Whether Cross Investigations Had Employees

The following material facts are undisputed:

- Cross Investigations hired third parties to perform clerical services for the business.  SGI ¶ 12.

- Cross Investigations engaged subcontractors to perform services for its customers, and issued the subcontractors IRS form 1099s.  SGI ¶¶ 13, 14.

The Court finds that these undisputed facts compel the conclusion that Plaintiff hired others to perform work for him.

### E.    Whether Plaintiff Had the Opportunity to Profit

The following material fact is undisputed:

- Cross Investigations charged Roadway between $35 and $50 per hour but paid its subcontractors $5 to $20 less for the services they provided.  SGI ¶ 16.

The Court finds that this undisputed fact compels the conclusion that Plaintiff had the opportunity to profit from Cross Investigations.

### F.    Whether Plaintiff was Engaged in a Distinct Business

The following material fact is undisputed:

- Cross Investigations had the opportunity to perform services, and did perform

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5753 AHM (x) | Date | April 30, 2009 |
|---|---|---|---|
| Title | RON CROSS v. ROADWAY EXPRESS, INC., et al. | | |

services, for customers other than Defendant.  SGI ¶ 17.[6]

The following material fact is disputed, but is not material:

• Whether Roadway paid for Cross's trip to Las Vegas for a trade show.  SGI ¶ 59.[7]

The Court finds that the undisputed fact that Cross Investigations performed services for customers other than Defendant compels the conclusion that Plaintiff was

---

[6] Plaintiff "objects" to this assertion, on the basis that his response to Defendant's request for admissions denied the assertion.  Plaintiff, however, stated in his deposition that he provided services to other companies through Cross Investigations and on a personal basis.  Cross Depo. 67:6-68:3.  Moreover, Plaintiff stated in his brief, but not in the SGI: "Over 99% of Cross' income during the time that Roadway paid him as an independent contractor was received from Roadway.  During this time, Cross did some minor security-related jobs for three other companies, none of which were in competition with Roadway.  Roadway knew about these three jobs, and in fact, Cross learned about one of the jobs, for Eagle Global Logistics, through Gerloff, who also told Cross how much to charge for his services.  (Cross [Decl.]. ¶¶ 45-47)."  Opp. at 6.  The brief also says "[t]he work that Cross performed for the three other companies during his employment at Roadway constituted less than 1% of his income, occurred only when he was not actively working on any Roadway matters and was not only approved by Roadway (through Gerloff), but actually encouraged by the Company since Gerloff told Cross about the job opportunity at Eagle Global Logistics."  Opp. at 12.

[7] Plaintiff did not adhere to the Court's Scheduling and Case Management Order, which states that "[t]he opposing party may submit additional material facts that bear on or relate to the issues raised by the movant, which shall follow the format described above for the moving party's separate statement.  These additional facts shall continue in sequentially numbered paragraphs (*i.e.*, if movant's last statement of fact was set forth in paragraph 30, then the first new fact will be set forth in paragraph 31), and shall set forth in the right hand column the evidence that supports that statement."  The Court has renumbered the additional material facts Plaintiff stated in his SGI.  Thus, the new paragraph at paragraph "1" is referred to herein at SGI ¶ 54, new paragraph "2 " is referred to as SGI ¶ 55, and so on.

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5753 AHM (x) | Date | April 30, 2009 |
|---|---|---|---|
| Title | RON CROSS v. ROADWAY EXPRESS, INC., et al. | | |

engaged in a "distinct" business, albeit evidently to a small extent.

### G.   Whether the Parties Believed They Were Creating an Employer-Employee Relationship

The following material facts are undisputed:

- Subsequent to 1992 or 1993, for the entire period through 2007, whether correct or not, Plaintiff was characterized by Roadway as a vendor and independent contractor.[8]

- Cross Investigations provided invoices to Defendant for services it provided to Defendant.  SGI ¶ 23.[9]

- Roadway paid Cross Investigations's invoices for work performed by Plaintiff and Cross Investigations's subcontractors.  SGI ¶ 24.

- Roadway did not give Cross a W-2.  SGI ¶ 32.

- Roadway's attorneys and union representatives directed Cross to identify himself as "Roadway Security" at union disciplinary hearings at which he testified on behalf of Roadway.  SGI ¶ 54.

- Cross put the title "Assistant Security Manager" on most of the invoices he gave to Roadway, until 2004 when Gerloff asked him to change the notation to "Security Services."  SGI ¶ 58.

---

[8] In Plaintiff's deposition he answered "Yes" to the question "And subsequent to [1992 or 1993], for the entire period through 2007, whether correct or not, you were characterized as a vendor and independent contractor, isn't that correct?"  *See* SGI ¶ 25.

[9] Plaintiff objects to the assertion that *Cross Investigations* (as opposed to Cross himself) submitted invoices to Roadway, or to other customers, but he admitted as much in his Response to Roadway's Request for Admissions Nos. 26 and 27.  SGI ¶ 23.

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5753 AHM (x) | Date | April 30, 2009 |
|---|---|---|---|
| Title | RON CROSS v. ROADWAY EXPRESS, INC., et al. | | |

- Finally, Plaintiff does not dispute that Roadway did not require him to attend employee staff meetings, subject him to performance reviews, require him to clock in and out, provide him with an employee handbook, assign him an e-mail address on the Roadway system, or assign him any administrative staff.  SGI ¶¶ 26-31.

The following material facts are disputed:

- Whether Cross "recognizes" that he was "characterized" as an independent contractor.  SGI ¶ 25.

- Whether it was Roadway's standard practice to have security vendors sign written contracts.  SGI ¶ 55.[10]

- Whether Gerloff gave Cross business cards that identified him as a Roadway Security employee.  SGI ¶ 56.

- Whether Roadway authorized Cross to contact vendors directly on its behalf to perform repairs on security cameras, broken locks, broken fences, and alarm systems.  SGI ¶ 60.

- Whether Cross told Roadway that he did not have state licenses required of private investigators and security guard companies who act as independent contractors. SGI ¶ 62.

The Court finds that the disputed facts are material, and that the undisputed facts could give rise to different factual inferences.  Therefore, on summary judgment this factor cannot be the basis of a finding that Plaintiff was an independent contractor.

## H.    The Method of Payment

The following material fact is undisputed:

---

[10] The Court overrules Defendant's objection to paragraph 7 of Cross's declaration, because given his work history he did have the foundational knowledge to testify as to Roadway's business practices.

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5753 AHM (x) | Date | April 30, 2009 |
|---|---|---|---|
| Title | RON CROSS v. ROADWAY EXPRESS, INC., et al. | | |

- Roadway paid Plaintiff an hourly rate.  SGI ¶ 57.

The following material fact is disputed:

- Whether Roadway set Plaintiff's hourly rate.  SGI ¶ 57.[11]

The Court finds that different factual inferences may be drawn from these disputed and undisputed facts, and therefore finds that this factor cannot be used to make a finding on summary judgment.

### I.    Conclusion

The Court concludes that it cannot grant summary judgment on the question of whether Plaintiff was an independent contractor.  Although many factors favor Defendant's position, the following disputed factors would allow a reasonable juror to find that Cross was an employee:

- <u>Control over the manner in which services were provided</u> – This is the primary consideration in the independent contractor analysis, and Plaintiff has shown that there is a material dispute as to whether Defendant exercised control. Specifically, Plaintiff stated in his deposition that he was told "what, where, when, and how" to perform an investigation.

- <u>The relationship between Plaintiff's work and Defendant's regular business</u> – Plaintiff states in his declaration that as a freight carrier Roadway is constantly concerned about security, and has its own corporate security department.

- <u>The parties' beliefs about whether they were creating an employer-employee relationship</u> – It is uncontested that Roadway's attorneys and union representatives told Cross to identify himself as "Roadway Security" in public fora, and that Cross put the title "Assistant Security Manager" on most of the

---

[11] The Court overrules Defendant's hearsay objection to paragraph 6 of Cross's declaration.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5753 AHM (x) | Date | April 30, 2009 |
|---|---|---|---|
| Title | RON CROSS v. ROADWAY EXPRESS, INC., et al. | | |

invoices he gave to Roadway, until 2004 when Gerloff asked him to change it to "Security Services."  The parties dispute whether Gerloff gave Cross business cards that identified him as a Roadway Security employee, whether Roadway authorized Cross to contact vendors on its behalf, and whether Cross told Roadway that he did not have licenses required of security guard companies acting as independent contractors.

In light of these undisputed and disputed facts, the Court DENIES the motion for summary judgment on the benefit and wage claims (claims 1-4).

Note: The Court has attempted to apply the standards for adjudicating a summary judgment motion scrupulously, including in applying the requisite burdens of proof.  But it is compelled to advise Plaintiff that his prospects for establishing employee status at trial appear to be exceedingly weak.

## IV.   THE AGE DISCRIMINATION CLAIMS

Plaintiff's Complaint alleges two claims of age discrimination under the California Fair Employment and Housing Act ("FEHA"): one for Plaintiff's termination, and the other for Defendant's February 2007 decision not to hire (or "transfer," depending on whether Plaintiff was an employee) Plaintiff for the position of "Security Investigator - Rail."  Plaintiff concedes that the wrongful termination claim should be dismissed, and the Court dismisses that claim with prejudice.  For the reasons stated below, the court DENIES the motion for summary judgment on the hiring/transfer claim.

As to the hiring/transfer claim, Defendant contends that the undisputed facts show that (a) Plaintiff was not as or more qualified for the position than the persons hired; (b) Roadway's decision not to hire Plaintiff was based on legitimate non-discriminatory reasons; (c) Plaintiff cannot establish that Roadway's stated reasons for its decisions were a pretext for discrimination; and (d) Roadway later offered Plaintiff a job as a supervisor, showing that it has no discriminatory animus against Plaintiff based on age.[12]

---

[12] Defendant also argues that since Plaintiff was not an employee he could not have been "transferred."  That argument is irrelevant in light of the Court's conclusion that summary judgment is not appropriate on the question of employment.

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5753 AHM (x) | Date | April 30, 2009 |
|----------|---------------------|------|----------------|

| Title | RON CROSS v. ROADWAY EXPRESS, INC., et al. |
|-------|--------------------------------------------|

In age discrimination cases, the plaintiff

> must first establish a prima facie case of discrimination.  If the plaintiff establishes a prima facie case, the burden then shifts to the defendant to articulate a legitimate nondiscriminatory reason for its employment decision.  Then, in order to prevail, the plaintiff must demonstrate that the employer's alleged reason for the adverse employment decision is a pretext for another motive which is discriminatory.

*Lowe v. City of Monrovia*, 775 F.2d 998, 1005 (9th Cir. 1986) (Title VII gender and race discrimination case) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-05 (1973)); *accord Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 889 (9th Cir. 1994) (applying *McDonnell Douglas* test to an ADEA case); *Iwekaogwu v. City of Los Angeles*, 75 Cal. App. 4th 803, 815-16 (1999) (applying *McDonnell Douglas* test to California FEHA case).[13]  "The ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff, however, 'remains at all times with the plaintiff.'" *Washington v. Garrett*, 10 F.3d 1421, 1432 (9th Cir. 1994) (citing *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 505 (1993)).[14]

### A.    Plaintiff's Prima Facie Case

"The specific elements of a prima facie case may vary depending on the particular facts. . . .  Generally, the plaintiff must provide evidence that (1) he was a member of a protected class, (2) he was qualified for the position he sought . . . (3) he suffered an adverse employment action, such as . . . denial of an available job, and (4) some other

---

[13] "Because of the similarity between state and federal employment discrimination laws, California courts look to pertinent federal precedent when applying our own statutes. . . .  In particular, California has adopted the three-stage burden-shifting test established by the United States Supreme Court for trying claims of discrimination, including age discrimination, based on a theory of disparate treatment." *Guz v. Bechtel Nat'l Inc.*, 24 Cal. 4th 317, 354 (Cal. 2000).

[14] This term the Supreme Court is expected to decide whether a plaintiff must present direct evidence of age discrimination in order to obtain a mixed-motive jury instruction. *See Gross v. FBL Financial Services*, No. 08-441.

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5753 AHM (x) | Date | April 30, 2009 |
|----------|---------------------|------|----------------|
| Title | RON CROSS v. ROADWAY EXPRESS, INC., et al. | | |

circumstance suggests discriminatory motive." *Guz v. Bechtel Nat'l Inc.*, 24 Cal. 4th 317, 355 (Cal. 2000) (citations omitted). In *McDonnell Douglas*, which involved a plaintiff rejected for a job opening, the fourth element was that the position remained open and the employer continued to seek applications from persons with similar qualifications. *McDonnell Douglas*, 411 U.S. at 802. The Supreme Court noted, however, that "the specification above of the prima facie proof required from respondent is not necessarily applicable in every respect to differing factual situations." *Id.*

Plaintiff asserts, without providing any authority, that the relevant "other circumstance" in this case is whether the job was given to a younger person with lesser qualifications. The evidentiary threshold for showing a prima facie case is relatively low:

> The plaintiff need only offer evidence which "gives rise to an inference of unlawful discrimination." (citation omitted). "The amount [of evidence] that must be produced in order to create a prima facie case is 'very little.'" (citation omitted). "Establishment of the prima facie case in effect creates a presumption that the employer unlawfully discriminated against the employee." (citation omitted).

> The prima facie case may be based either on a presumption arising from the factors such as those set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, (1973), or by more direct evidence of discriminatory intent. (citation omitted). In offering a prima facie case, of course, a plaintiff may present evidence going far beyond the minimum requirements.

*Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 889 (9th Cir. 1994).

Defendant challenges the sufficiency of the evidence for the second and fourth factors required for a prima facie showing. It contends that the undisputed facts show that Plaintiff, who was 57 at the time he applied for the position, was not qualified because the company sought to fill the position with someone who had significant "operational" experience (the aspects of which are described more fully below), as opposed to security-related experience, and Plaintiff did not have significant operational experience. Plaintiff admits that he did not have operations experience in the transportation industry other than his involvement in security. SGI ¶ 40. He presents material evidence, however, that in fact Defendant was seeking someone with security

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 07-5753 AHM (x) | Date | April 30, 2009 |
|----------|--------------------|------|----------------|
| Title | RON CROSS v. ROADWAY EXPRESS, INC., et al. | | |

experience, particularly evidence of the job description for the position, which provided:

> Maintains oversight of all related security programs, safety compliance of company employees and equipment while working within the confines of assigned rail facilities.  Thoroughly investigates security related issues, providing a rapid and local response in and around assigned rail facilities.  Furnishes specialized knowledge and assistance to service center managers to resolve security related issues and insures compliance of established corporate security procedure.  Serve [sic] as a continuous liaison with rail police, area police departments and terminal management within the corporation.

Cross Decl., Exh. 8.

Defendant's assertion that it was seeking someone with significant "operational" experience is, however, supported by the "Minimum Requirements" and "Preferred Qualifications" described later in the job description.  The minimum requirements included an associate's degree or equivalent work related experience, effective communication skills, interviewing skills, the ability to learn surveillance techniques, the ability to present marketing aspects of security to potential customers, and the ability to work in a team and follow directions.  *Id.*  The preferred qualifications included a bachelor's degree; ten years of working experience involving line haul, shuttle, and "LTL" supervision; knowledge of basic trucking and marketing concepts; knowledge of business procedures; knowledge of the rail industry; knowledge of technical aspects of security products used within the industry; computer literacy; and insight into proper freight handling, loading, and driver procedures.  *Id.*

It is also undisputed that Gary Meeks, Roadway's Manager of Contracts and Compliance, and one of the two Roadway employees responsible for filling the position, identified in his deposition preferred qualifications for the position that were not focused on security-related experience.  These included direct knowledge of the workings of the rail shuttle between the company's satellite terminals and their distribution centers; knowledge of the workings of the Burlington Northern Santa Fe Railroad and the Union Pacific Railroad, and direct knowledge of the company's union contracts; and direct knowledge of Hazmat handling.  SGI ¶ 37.  Meeks also stated during his deposition that the printed job description "is not totally representative of what a Rail Investigator would

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5753 AHM (x) | | Date | April 30, 2009 |
|---|---|---|---|---|
| Title | RON CROSS v. ROADWAY EXPRESS, INC., et al. | | | |

do on a daily basis. . . .  If I had wrote [sic] this document, I probably would have concentrated more on the preferred qualifications and they were articulated to the applicants during the interview process."  Meeks Depo. at 56-57.

Although the "Minimum Requirements" and "Preferred Qualifications" set forth in the job description focus less on security experience, and the individuals responsible for filling the position stated in their depositions that operations experience was more important to them, the job summary does raise a genuine issue of material fact as to whether Plaintiff was qualified.  In addition, Defendant admits that the Roadway manager who supervised Plaintiff's security-related work recommended that Plaintiff submit his resume for the job.  Gerloff Depo at 127:18-128:1.  This fact also raises a genuine issue of material fact as to Plaintiff's qualifications.

As to the fourth element of a prima facie case, there is also a genuine issue of material fact as to whether Defendant hired someone for the position who was less qualified than Plaintiff.[15]  It is undisputed that Defendant wanted to hire two individuals to fill the position, and that it preferred one slot to be filled by someone "from Roadway" and the other by someone "from Yellow [Transportation]," a company that acquired Roadway in December 2003.[16]  SGI ¶ 35.  Rather than hiring Plaintiff for the Roadway position, Defendant hired Wesley Rust, who was 26 or 27 years old at the time.  Rust admitted in his deposition that he had little experience with many of the aspects of the job set forth in the job description, that he lacked experience with some of the tasks listed in the job description, and did not fulfill some of the "minimum requirements" and "preferred qualifications."  Rust Depo. at 21-30.  For example, Rust had no previous jobs involving oversight of related security programs, no experience with corporate security procedures, and limited experience with security investigations.  *Id.* at 21-23.  Rust also lacked an associates or bachelors degree; had no prior interviewing responsibilities;

---

[15] As *McDonnell Douglas* recognized, if an employer hires a candidate who has the *same* qualifications as the plaintiff but is younger, that would give rise to an inference of unlawful discrimination.  But such an inference also arises if the employer hired someone with *lesser* qualifications to perform the tasks set forth in a job description.

[16] Plaintiff's Opposition brief does not address the qualifications of Mark Rogers, allegedly age 49 at the time, who was hired to fill the "Yellow Transportation position."

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5753 AHM (x) | Date | April 30, 2009 |
|---|---|---|---|
| Title | RON CROSS v. ROADWAY EXPRESS, INC., et al. | | |

lacked experience in line haul, shuttle, or LTL supervision; and he had no knowledge of technical aspects of security products used in the industry. *Id.* at 27-30. Although Plaintiff did not have some of the relevant "operational" experience that Rust did have, Plaintiff's significantly greater experience in security matters raises a genuine issue of material fact as to whether Rust was less qualified.

### B.    Defendant's Legitimate Non-Discriminatory Reason

Once a plaintiff establishes a prima facie case, the burden shifts to the defendant to "produc[e] evidence that the plaintiff was rejected, or someone else was preferred, for a legitimate non-discriminatory reason." *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 254 (1981). This burden is one of production, not persuasion. *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 509 (1993).

Defendant has set forth evidence — arising primarily from the depositions of the two Roadway employees who did the hiring for the position — that the company valued "operational" experience over security experience, and that Rust and Rogers had more operational experience than Plaintiff. Plaintiff does not disagree that if genuine this is a legitimate non-discriminatory reason for the hiring decision.

### C.    Pretext

Because Defendant has set forth legitimate, nondiscriminatory reasons for its employment decision, Plaintiff must demonstrate that the proffered reasons were not the true reasons, and that discrimination was the true motivation. *St. Mary's Honor Ctr.*, 509 U.S. at 509. Plaintiff may accomplish this task "by showing that the employer's proffered explanation is unworthy of credence." *Burdine*, 450 U.S. at 256.

In *Reeves v. Sanderson Plumbing Prods., Inc.*, the Supreme Court shed light on the type of evidence required to demonstrate pretext. 120 S.Ct. 2097, 2106 (2000) (reversing judgment notwithstanding the verdict). The Supreme Court held that a plaintiff's prima facie case of discrimination combined with sufficient evidence for a reasonable fact-finder to reject the employer's explanation for its decision may be adequate to sustain a finding of liability for intentional discrimination under the ADEA. *Id.* at 2109. It ruled that "the Court of Appeals erred in proceeding from the premise that a plaintiff must

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5753 AHM (x) | Date | April 30, 2009 |
|---|---|---|---|
| Title | RON CROSS v. ROADWAY EXPRESS, INC., et al. | | |

always introduce additional, independent evidence of discrimination." *Id.* But the Court cautioned that "[c]ertainly there will be instances where, although the plaintiff has established a prima facie case and set forth sufficient evidence to reject the defendant's explanation, no reasonable trier of fact could conclude that the action was discriminatory." *Id. See also Guz*, 24 Cal. 4th at 361-62 (using the *Reeves* decision as guidance for applying California law). Accordingly, in the Ninth Circuit "when evidence to refute the defendant's legitimate explanation is totally lacking, summary judgment is appropriate even though plaintiff may have established a minimal prima facie case based on a *McDonnell Douglas* type presumption." *Wallis*, 26 F.3d at 890-91.

To establish pretext, Plaintiff points to:

- The discrepancies between the published job description, which focused on security-related tasks, and the deposition testimony of Gary Meeks and Harold Owen, Director of Corporate Security (the two Roadway employees responsible for filling the position), both of whom emphasized their desire to hire someone with "operations" experience. Plaintiff also stated in his declaration that neither Owen nor Meeks asked him during the job interview about his operations experience. Cross Decl. ¶¶ 57-58.

- Plaintiff's assertion that at the beginning of his job interview with Owen and Meeks, Owen asked Plaintiff where he thought he would be in five to ten years, and Plaintiff replied, "Still working for Roadway unless you fire me." Owen then allegedly said words to the effect that "I'm glad you answered that way. We had a guy in here earlier who told us that he saw himself being retired in 5-6 years. We dropped him from consideration right then." SGI ¶ 63 (citing Cross Decl. ¶ 55). Owen denies making this comment. Owen Depo. at 27-28.

- Roadway hired Rust, who Plaintiff contends was clearly unqualified.

In response, Defendant asserts that:

- An employer has a right to decide what criteria to use to fill a job, even if its criteria are wrong, mistaken or unwise. *See Horn v. Cushman & Wakefield Western, Inc.*, 72 Cal. App. 4th 798, 802 (Cal. Ct. App. 1999) ("Nor can the employee simply show the employer's decision was wrong, mistaken, or

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5753 AHM (x) | Date | April 30, 2009 |
|---|---|---|---|
| Title | RON CROSS v. ROADWAY EXPRESS, INC., et al. | | |

unwise.  Rather, the employee must demonstrate such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them unworthy of credence . . . ." (citations and internal quotation marks omitted)).  In this case, Meeks and Owen sought someone with operational experience because the company had good results when it hired people with operational experience for the same position in Chicago.

- The comment allegedly made by Owen about retirement was a "stray" comment, and does not provide evidence of discrimination because it was not (1) related to age (just retirement), or (2) related to the employment decision at issue (only to the decision whether to hire the other candidate).  In addition, Plaintiff gave the "right" answer to the question when he said that he did not plan to retire.

- Rust had more operational experience than Plaintiff and was thus more qualified for the job given the criteria that Owen and Meeks applied.

In addition, Defendant notes that Plaintiff was later offered another managerial position, and asserts that this is evidence that Roadway did not discriminate against him on the basis of age.  Furthermore, Roadway did hire Rogers, who was allegedly age 49 at the time,[17] into the "Yellow" slot for the position.  *See generally Hersant v. Dep't of Social Servs.*, 57 Cal. App. 4th 997, 1003 (Cal. Ct. App. 1997) (prima facie case of age discrimination arises only if employee shows that at time of adverse action he was 40 years of age or older); *Chuang v. Univ. of Cal. Davis, Bd. of Trustees*, 225 F.3d 1115, 1123 (9th Cir. 2000) (under *McDonnell Douglas* test, plaintiff must show that similarly situated individuals outside his protected class were treated more favorably).

The Court concludes that a reasonable juror could find for Plaintiff for the following reasons:

---

[17] Defendant did not cite evidence in its SUF supporting its assertion that Rogers was 49.

O

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5753 AHM (x) | Date | April 30, 2009 |
|----------|--------------------|------|----------------|
| Title | RON CROSS v. ROADWAY EXPRESS, INC., et al. | | |

- <u>The discrepancy between the job description and the criteria that were allegedly used by Owen and Meeks</u> – This discrepancy is probative.  It is also telling that Owen, one of the interviewers was "Director of Corporate Security, and that the job was titled "Security Investigator – Rail."  It is correct, however, that it is an employer's prerogative to decide on appropriate hiring criteria, and the significance of the disparity is significantly diminished by the fact that Owen and Meeks offered plausible reasons for why they focused on "operational" experience.  Their deposition testimony is supported by the fact that the "Minimum Requirements" and "Preferred Qualifications" in the job description were not focused on applicants' security-related experience.

- <u>The comparative inexperience of Rust in security-related work</u> – This evidence is also significant, though it too is mitigated by the fact that the job requirements actually listed did not focus heavily on security-related experience.  Although the evidence of pretext is mitigated somewhat by the fact that Plaintiff was later offered another managerial position, he was offered this position by managers other than Owen and Meeks.

All in all, these countervailing considerations are enough, though just barely, to support summary judgment on the discrimination claim.  For this reason the Court DENIES the motion for summary judgment as to claim 6, for Defendant's allegedly discriminatory decision not to hire/transfer Plaintiff to the "Security Investigator - Rail" position.

## V.    THE UNFAIR BUSINESS PRACTICES CLAIM

Defendant moves for summary judgment on the unfair business practices claim on the basis that it is predicated upon the violations asserted in the other claims.  Because the Court has declined to dismiss those claims, it also DENIES the motion for summary judgment as to the unfair business practice claim.

/ / /

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5753 AHM (x) | Date | April 30, 2009 |
|---|---|---|---|
| Title | RON CROSS v. ROADWAY EXPRESS, INC., et al. | | |

## VI.   CONCLUSION

For the foregoing reasons, the Court DENIES the motion for summary judgment[18] as to Plaintiff's claim that he was an employee; that he was wrongfully terminated based on age discrimination; and that Defendant engaged in unfair business practices.  It GRANTS the motion as to the fifth claim for wrongful termination, as Plaintiff has conceded that this claim should be dismissed.

No hearing is necessary.  Fed. R. Civ. P. 78; L. R. 7-15.

This Order is not intended for publication.

                                                    _____ : _____
                              Initials of Preparer            SMO

---

[18] Docket No. 23.